**[J-116-2020] [MO: Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| IN RE: CANVASSING OBSERVATION | : | No. 30 EAP 2020 |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: CITY OF PHILADELPHIA | : | |
| BOARD OF ELECTIONS | : | Appeal from the November 5, 2020, |
| | : | Single-Judge Order of the Honorable |
| | : | Christine Fizzano Cannon of the |
| | : | Commonwealth Court at No. 1094 |
| | : | CD 2020, reversing the November 3, |
| | : | 2020 Order of the Honorable Stella |
| | : | Tsai of the Court of Common Pleas |
| | : | of Philadelphia County at November |
| | : | Term 2020, No. 07003 |
| | : | |
| | : | |
| | : | |
| | : | SUBMITTED: November 13, 2020 |

**DISSENTING OPINION**

**JUSTICE MUNDY**                    **DECIDED: November 17, 2020**

Based on the particular circumstances surrounding this election, and the volume of mail-in ballots cast due to the current global pandemic, I disagree with the majority that the "issue before us is one which is capable of repetition but likely to evade review[.]" Majority Op. at 10, n. 7. As such, I join Chief Justice Saylor's dissenting opinion in full.

In denying Appellee's initial motion, the trial court concluded "[Appellee]'s argument that the Board of Elections was not providing observers the opportunity to 'meaningfully observe' the canvassing of ballots" failed because "[Appellee] was unable to point to any statutory language or case law using the word 'meaningful' or elaborating on what constitutes 'meaningful observation.'" Trial Court Op. at 3. The Commonwealth Court reversed noting "the relegation of those representatives to a position where

meaningful observation of the processes they are present to observe is a practical impossibility would be an absurd interpretation of the Election Code[.]" Cmwlth Ct. Op. at 6. I agree. The majority now vacates the Commonwealth Court's order and holds "[w]hile this language contemplates an opportunity to broadly observe the mechanics of the canvassing process, we note that these provisions do not set a minimum distance between authorized representatives and canvassing activities occurring while they 'remain in the room.'" Majority Op. at 17. In so doing, the majority seemingly endorses what the Commonwealth Court did in its order, provide an "opportunity to broadly observe[.]"

Appellee was merely requesting the ability to be able to observe the ballots in order to accurately relay compliance information. Appellees' Brief at 22 ("The Campaign simply wants the right to observe in a meaningful way that would allow the Campaign to determine whether the Board was following legal processing procedures, and if not, to challenge that *process* through appropriate litigation."). The Commonwealth Court's order, and the subsequent mutual agreement of the parties in the Federal action, did precisely that, and I would not disturb it. Accordingly, I dissent.